IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY SMITH, ) | |
| ) | |
| Plaintiff, ) | No.12 C 9210 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| STATE FARM GROUP LONG TERM ) | |
| DISABILITY PLAN FOR U.S. ) | |
| EMPLOYEES, and LIFE INSURANCE ) | |
| COMPANY OF NORTH AMERICA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Smith filed a single-count amended complaint against defendants State Farm Group Long Term Disability Plan for U.S. Employees ("the Plan") and Life Insurance Company of North America ("LINA"), alleging that LINA wrongfully terminated his long term disability benefits under the Plan and demanding a jury. Defendants have moved to strike plaintiff's jury demand. For the reasons described below, defendants' motion is granted.

The Seventh Amendment guarantees the right to a jury "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The Supreme Court has interpreted the phrase "Suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (quoting Parsons v. Bedford, 3 Pet. 433, 447, 7 L.Ed. 732 (1830)). To determine whether a claim involves legal or equitable rights, the court must conduct a two-stage inquiry. First, it must "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and

equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 42 (quoting Tull v. United States, 481 U.S. 412, 417–18, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)).

Plaintiff's claim is governed by the Employees Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Defendants move to strike plaintiff's jury demand because they argue that the antecedents of the ERISA statute are equitable in nature. The Seventh Circuit, among other courts, has held plaintiffs in ERISA actions are not entitled to jury trials. See Wardle v. Central States, S.E. & S.W. Areas Pension Fund, 627 F.2d 820, 830 (7th Cir.1980), cert. denied, 449 U.S. 1112 (1981) (abrogated on other grounds by Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)).

Plaintiff argues that recent case law has expanded the scope of jury trials and that three courts around the country have allowed jury trials in cases where ERISA claimant have sought benefits. Plaintiff argues that his claim arises from contract and is legal in nature, and that claimants enjoyed the right to a jury trial prior to ERISA's enactment. The recent case law plaintiff cites, however, are Supreme Court cases from 1989 and 1990 that expanded the scope of jury trials on fraudulent conveyance claims and claims of breach of a union's duty of fair representation. Since these decisions, the Supreme Court has reaffirmed that "a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of a plan (which ERISA typically treats as a trust) … is the kind of lawsuit that, before the merger of law and equity, [] could have [been] brought only in a court of equity, not a court of law." Cigna Corp. v. Amara, --- U.S. ----, 131 S.Ct. 1866, 1879 (2011).

Because a suit by a beneficiary seeking to enforce the terms of a plan is equitable in nature, plaintiff is not entitled to a jury trial. The court therefore grants defendants' motion to strike plaintiff's jury demand.

**ENTER:     August 27, 2013**

                                                                                    _____
                                                                                    **Robert W. Gettleman**
                                                                                    **United States District Judge**